UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY DEWAYNE PITTMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>LANDSPHERE PROPERTY MANAGEMENT, et al.,<br><br>    Defendants. | Case No. 25-cv-07705-PCP<br><br>**ORDER DENYING PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 2, 3 |

Pro se plaintiff Randy Dewayne Pittman filed this action against his landlord Landsphere Property Management and property manager Vamsi Musunuru alleging that they unlawfully failed to create an accessible parking space for Mr. Pittman at his apartment building. Concurrent with his complaint, Mr. Pittman filed an *ex parte* application for a temporary restraining order that the Court converted into a motion for a preliminary injunction. He asks the Court to compel defendants to designate a handicap- and van-accessible parking space for his exclusive use. For the reasons set forth below, the Court denies the motion for a preliminary injunction.

Mr. Pittman has also filed an application to proceed in forma pauperis, i.e., without paying the otherwise mandatory filing fee to initiate a lawsuit. The Court grants Mr. Pittman's application and, pursuant to 28 U.S.C § 1915(e)(2), screens his complaint. Because Mr. Pittman's complaint fails to state a federal claim, the Court dismisses that claim with leave to amend. Because Mr. Pittman has not articulated an independent basis for this Court's subject-matter jurisdiction over his remaining state-law claims, and because the Court declines to exercise supplemental jurisdiction, the Court also dismisses those claims with leave to amend. Should Mr. Pittman fail to file an amended complaint by December 1, 2025, the Court will dismiss this case with prejudice.

**BACKGROUND**

Mr. Pittman is disabled due to a pulmonary disease that causes serious hypertension,

shortness of breath, and dizziness, among other symptoms. Because of Mr. Pittman's disability, "[h]is physician has certified that he cannot walk more than 200 feet without stopping to rest." Mr. Pittman therefore asserts that he requires an accessible parking space close to his apartment building. As support for this need, he notes that he "holds a valid disability parking placard issued by the State of Alabama."

According to Mr. Pittman, his apartment building has eight residential units and four parking spaces, none of which is accessible. The four parking spaces are assigned to the four largest residential units, and Mr. Pittman has not been assigned a space. Mr. Pittman requested that defendants create a van- and handicap-accessible space and designate it for his exclusive use, which Mr. Pittman alleges would be reasonable because it "requires minimal cost (striping and signage), does not interfere with other residents, and aligns with accessibility laws." Defendants allegedly failed to grant Mr. Pittman's request or to engage in an interactive process to identify a reasonable accommodation.

Mr. Pittman sued defendants under the federal Fair Housing Act ("FHA"), 42 U.S.C. § 3604(f)(3)(B); California's Fair Employment and Housing Act, Cal. Gov't Code §§ 12927, 12955; and California Civil Code § 54.1. *Id.* at 6–7. He also seeks declaratory and injunctive relief pursuant to California Code of Civil Procedure §§ 526 and 1060.

Mr. Pittman's complaint included an *ex parte* application for a temporary restraining order requiring defendants to "[d]esignate one on-site, van-accessible parking space within 30 feet of his residence entrance, reserved exclusively for [Mr. Pittman]." The application requested that the Court require defendants to install temporary signage designating the parking space "within 48 hours" of any order granting a preliminary injunction and require defendants to "complete permanent signage and striping within 14 days" of any such order. Mr. Pittman filed the application based only on his FHA claim.

The Court converted Mr. Pittman's application for a temporary restraining order into a motion for a preliminary injunction and ordered Mr. Pittman to serve that order, his complaint, and his application for a temporary restraining order on defendants. Mr. Pittman has not filed any proof of service, and defendants have yet to file any notice of appearance in this action. But Mr.

2

1  Pittman filed a document on defendants' behalf in a related action. In that document, defendants

2  oppose Mr. Pittman's motion for a preliminary injunction and request that this case be dismissed.

3        Mr. Pittman has also filed an application to proceed in forma pauperis. The Court

4  previously ordered Mr. Pittman to file a supplemental declaration explaining certain statements in

5  the application concerning his employment history, which appeared to be inconsistent with

6  allegations made by Mr. Pittman in another case pending before this Court. Mr. Pittman then filed

7  a supplementary declaration clarifying the inconsistency.

## LEGAL STANDARDS

9        To obtain a preliminary injunction, a plaintiff must ordinarily establish that (1) he "is likely

10  to succeed on the merits," (2) he "is likely to suffer irreparable harm in the absence of preliminary

11  relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public

12  interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). But where, as here, a

13  plaintiff seeks a "mandatory injunction" that "alters the status quo by requiring a party to take

14  action," the plaintiff bears a heavier burden "to show the facts and law *clearly* favor the moving

15  party," not just that he is likely to succeed. *71Five Ministries v. Williams*, No. 24-4101, 2025 WL

16  2385151, at *5 (9th Cir. Aug. 18, 2025) (citation modified). Under both the ordinary and

17  heightened standards, the strength of the merits of a plaintiff's claim "is the most important factor

18  in the analysis[.]" *Id.* at *4.

19        28 U.S.C. § 1915 permits a court to authorize a plaintiff to proceed in forma pauperis if the

20  plaintiff shows that he cannot afford the fees necessary to pursue an action. *See* 28

21  U.S.C. 1915(a)(1). The Court, however, must screen every civil action brought in forma pauperis

22  under § 1915 and dismiss any case that is "frivolous or malicious," "fails to state a claim on which

23  relief may be granted," or "seeks monetary relief against a defendant who is immune from such

24  relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). The

25  Court must also dismiss the complaint if the Court lacks subject-matter jurisdiction. *See Arbaugh*

26  *v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Pratt v. Simmer*, 807 F.2d 817, 819 (9th Cir. 1987).

**DISCUSSION**

**I.     Mr. Pittman's motion for a preliminary injunction is denied.**

Mr. Pittman seeks a preliminary injunction based on his claim that defendants violated the FHA by refusing to designate a new van- and handicap-accessible parking space for his exclusive use in the parking lot of his apartment building. Because Mr. Pittman has not shown that the facts and law clearly favor him, he is not entitled to preliminary injunctive relief mandating the actions he requests. *See Youth 71Five Ministries*, 2025 WL 2385151, at *5.

Mr. Pittman argues that defendants' denial of his requested accommodation violates § 3604(f)(3)(B) of the FHA. That subsection requires housing providers "to make reasonable accommodations in *rules, policies, practices, or services*, when such accommodations may be necessary to afford [a resident] equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B) (emphasis added).

Mr. Pittman has not explained how the construction of a new parking space is an accommodation to a "rule," "policy," "practice," or "service" that falls within § 3604(f)(3)(B). The construction of a new accessible parking space is unlike the accommodations other courts have found fall within § 3604(f)(3)(B), which generally involve exceptions to existing rules, policies, practices, or services rather than physical changes to property. *See, e.g.*, *Ohio House, LLC v. City of Costa Mesa*, 135 F.4th 645, 677 (9th Cir. 2025) (exception to zoning ordinance requirements); *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1146 (9th Cir. 2003) (waiver of no-cosigner policy); *United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997) (waiver of fees); *McClendon v. Bresler*, No. 23-55378, 2024 WL 2717406, at *1 (9th Cir. May 28, 2024) (exception to no-dog policy); *Prado v. City of Berkeley*, No. 23-CV-04537-EMC, 2024 WL 3697037, at *27 (N.D. Cal. Aug. 6, 2024) (exceptions to shelter policies); *Birdwell v. AvalonBay Communities, Inc.*, 742 F. Supp. 3d 1024, 1041 (N.D. Cal. 2024) (exception to policy requiring that at least two persons reside in a two-bedroom apartment).

Mr. Pittman cites a case from the Central District of California that he contends establishes defendants' obligation under § 3604(f)(3)(B) to create an accessible parking space for him, but that case challenged a landlord's denial of a tenant's access to *existing* accessible spaces based on

the landlord's policy of reserving such spaces for use only by guests or the property manager. *See S. Cal. Hous. Rts. Ctr. v. Los Feliz Towers Homeowners Ass'n*, 426 F. Supp. 2d 1061, 1066 (C.D. Cal. 2005). The case does not suggest that the creation of a new accessible parking space with new striping and signage is an "accommodation" to an existing "rule," "policy," "practice," or "service" within the meaning of § 3604(f)(3)(B).

The construction of a new parking space for Mr. Pittman's exclusive use is instead properly considered as a "modification[] of existing premises occupied or to be occupied by [a resident]" governed by the preceding subsection of the FHA, 42 U.S.C. § 3604(f)(3)(A). *See Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003) (noting that "physical accommodations" are governed by § 3604(f)(3)(A), rather than § 3604(f)(3)(B)). That subsection expressly requires that any such modification be "at the expense of the handicapped person." 42 U.S.C. § 3604(f)(3)(A). Mr. Pittman has not alleged that defendants refused to accommodate his need for accessible parking by creating a new space at his expense, so Mr. Pittman has not shown that the facts and law clearly favor him under a § 3604(f)(3)(A) theory.

Because Mr. Pittman has not shown a clear likelihood of success on the merits of his FHA claim, the Court need not consider the remaining *Winter* factors. *See Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023). The Court therefore denies Mr. Pittman's motion for a preliminary injunction.

**II.   Mr. Pittman's application to proceed in forma pauperis is granted and his complaint is dismissed with leave to amend.**

28 U.S.C. § 1915 permits a court to authorize a plaintiff to proceed in forma pauperis if the plaintiff shows that he cannot afford the fees necessary to pursue an action. *See* 28 U.S.C. § 1915(a)(1). Mr. Pittman has established that he is unable to pay the Court's filing fee due to a lack of employment, savings, or other financial resources. The Court therefore grants his application to proceed in forma pauperis.

Because Mr. Pittman is proceeding in forma pauperis, the Court must screen his complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court must dismiss the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief

5

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). The Court must also dismiss the case if it lacks subject-matter jurisdiction. *See Pratt*, 807 F.2d at 819.

For the same reason Mr. Pittman has not shown that the facts and law clearly favor him with respect to his FHA claim, he has failed to state such a claim. As explained above, Mr. Pittman does not allege that defendants have failed to accommodate any existing rule, policy, practice, or service within the meaning of § 3604(f)(3)(B), nor has he alleged that defendants refused to permit the modification of existing premises at Mr. Pittman's expense in violation of § 3604(f)(3)(A).

Mr. Pittman's remaining claims arise under state statutes: California's Fair Employment and Housing Act, Cal. Gov't Code §§ 12927, 12955; California Civil Code § 54.1; and California Code of Civil Procedure §§ 526 and 1060. None of these claims appear to implicate federal law. Where federal-court jurisdiction is premised on the existence of a federal claim (like Mr. Pittman's FHA claim here) and that claim is dismissed early in the litigation, courts generally decline to exercise supplemental jurisdiction over state-law claims like those asserted by Mr. Pittman absent some independent basis for federal court jurisdiction. *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994); *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985).

Mr. Pittman's existing complaint does not identify such a basis. While a federal court has "diversity jurisdiction" over state-law claims if the suit is between parties from two different states and the amount in controversy exceeds $75,000, *id.* § 1332, Mr. Pittman's complaint does not provide a basis for diversity jurisdiction. Diversity jurisdiction requires complete diversity between the parties—i.e., no plaintiff can be a citizen of the same state as any defendant. *Demarest v. HSBC Bank USA*, 920 F.3d 1223, 1226 (9th Cir. 2019). And that complete diversity must be apparent on the face of the complaint. *See Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1175–76 (9th Cir. 2025). Here, the complaint does not merely fail to identify the citizenship of the defendants, but affirmatively suggests that Mr. Pittman and defendant Vamsi Musunuru both reside in California and that defendant Landsphere Property Management is a limited liability corporation incorporated in California. *See Kunts v. Lamar Corp.*, 385 F.3d 1177, 1181–82 (9th

Cir. 2004) (explaining that a corporation is "a citizen of any State by which it has been incorporated" (quoting 28 U.S.C. § 1332(c)(1)). The complaint as currently pleaded therefore does not provide a colorable basis for this Court to exercise diversity jurisdiction over Mr. Pittman's remaining state-law claims.

Because Mr. Pittman fails to state a valid FHA claim, that claim is screened and dismissed with leave to amend. The Court will not exercise supplemental jurisdiction over the remaining state law claims absent a valid federal claim, so the Court dismisses those claims as well. *See Pratt*, 807 F.2d at 819. Because Mr. Pittman is proceeding pro se, the Court dismisses the complaint with leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Pittman's motion for a preliminary injunction, screens and dismisses his complaint, and grants him leave to amend his complaint to cure the deficiencies identified above. Failure to file an amended complaint by December 1, 2025, will result in dismissal of this case without further leave to amend, including dismissal of his FHA claim with prejudice and dismissal of his remaining state law claims without prejudice.

**IT IS SO ORDERED.**

Dated: October 23, 2025

P. Casey Pitts
United States District Judge